# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **JULIAN VILLEGAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.  ) | **Civil Action No. 1:20-00505** |
| ) | |
| **MR. E. KENDRIKS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32), filed on March 4, 2021. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document No. 37.) On April 1, 2021, Plaintiff filed his Response in Opposition. (Document No. 38.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32) should be granted.

## PROCEDURAL HISTORY

On August 24, 2020, Plaintiff, acting *pro se*[1] and incarcerated at FCI McDowell, filed his

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Amended Complaint for alleged violations of his constitutional and civil rights pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 7.) In his Amended Complaint, Plaintiff names the following as Defendants: (1) Mr. E. Kendriks, Correctional Officer; (2) Mr. J. Shrader, Correctional Officer; (3) Mr. Horton, S.I.S., Correctional Officer; (4) Ms. K. Stark, S.I.S., Correctional Officer; (5) Mr. Hendriks, Lieutenant; (6) Mr. W. Johnson, Lieutenant; and (7) Mr. Smith, S.I.A., Lieutenant. (Document No. 7.) Plaintiff alleges that he was subjected to sexual assault and harassment while incarcerated at FCI McDowell. (<u>Id.</u>) Plaintiff states that on May 26, 2020, "Officer Kendriks told me that he wanted to put his dick in my ass, and he called me a fu*king wet back."[2] (<u>Id.</u>, p. 5.) Plaintiff asserts that he "reported this incident to the Lieutenant, and he called S.I.S. Ms. Stark and

---

[2] The verbal harassment or verbal abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *also see Lindsey v. O'Connor*, 2009 WL 1316087, at * 1 (3rd Cir. (Pa.))(holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986)(stating that name-calling does not rise to the level of a constitutional violation); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(finding that a sheriff's threats to hang a prisoner were insufficient to state a constitutional deprivation). Additionally, sexually harassment, absent contact or touching, is insufficient to state a constitutional claim. *See Jackson v. Holley*, 666 Fed.Appx. 242, 244 (4th Cir. 2016)(quoting *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004)("[A]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessary extend to mere verbal sexual harassment"); *Morales v. Mackalm*, 278 F.2d 126, 132 (2nd Cir. 2002)(abrogated on other grounds)(allegations that a prison guard asked an inmate to have sex with her and to masturbate in front of her did not rise to the level of an Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311, n. 11 (10th Cir. 1986)(allegations that a jailer subjected females prisoners to severe verbal sexual harassment was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, 2000 WL 268493, * 1 (8th Cir. March 10, 2000)(sexual comments and gestures by prison guards did not constitute an Eighth Amendment violation); *Murray v. United States Bureau of Prisons*, 1997 WL 34677, * 3 (6th Cir. Jan. 28, 1997)(offensive remarks regarding a transsexual prisoner's body appearance and presumed sexual preference failed to state an Eighth Amendment claim); *Wilder v. Payne*, 2014 WL 6772265, *7-8(N.D.W.Va. Dec. 1, 2014)(finding that a prison guard's offensive and unprofessional sexual comments failed to state an Eighth Amendment claim).

2

S.I.S. Mr. Horton." (Id.) Plaintiff contends that S.I.S. Stark "seemed more understanding," but "all Officer Horton cared about was finding out why I was in the segregation unit." (Id.) Plaintiff states that he told S.I.S. Horton that he was "mentally and emotionally disturbed about Officer Kendriks' [statement]." (Id.) Plaintiff acknowledges that he was taken to medical and the psychology department for evaluation. (Id.) Plaintiff explains that he filed a claim under the Prison Rape Elimination Act ("PREA") against Officer Kendriks "but nothing was done about it" and he is "still working around me in segregation and I fear for my life."[3] (Id.) Plaintiff further states that on May 29, 2020, Officer J. Shrader came to Plaintiff's cell and he "reached and grabbed my ass, and said 'I got you, bitch, for fu*king with my friend.'" (Id., pp. 5 – 6.) Plaintiff states that he reported the forgoing incident to Lieutenant W. Johnson, who "said he would let the PREA Officer know." (Id., p. 6.) Plaintiff acknowledges that the PREA Officer "came to see [him], did a report, and Lieutenant Hendriks took pictures." (Id.) Plaintiff further acknowledges that he was evaluated by medical. (Id.) Plaintiff, however, states that Lieutenant Hendriks and S.I.S. Horton told him

---

[3] The "PREA is a federal law designed to reduce incidents of sexual misconduct in correctional facilities by using federal funding and educational initiatives." *Worley v. Ewing*, 2021 WL 951704, * 4 (S.D.W.Va. March 12, 2021)(J. Goodwin). Specifically, the PREA requires correctional agencies "to enhance education, investigation, protection, prevention, and prosecution of sexual offenses." *Id.* The PREA, however, does "not create any private right of action for prisoners to sue correctional staff for alleged sexual misconduct." *Id.*; *also see Williams v. Wetzel*, 827 Fed.Appx. 158, 162 (3rd Cir. 2020)(finding plaintiff had no private right of action under the PREA); *Bowens v. Wetsel*, 674 Fed.Appx. 133, 137 (3rd Cir. 2017)(finding that a plaintiff "may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim); *Krieg v. Steele*, 599 Fed.Appx. 231, 232-33 (5th Cir. 2015)(dismissing plaintiff's PREA claim as frivolous because the PREA does not establish a private cause of action); *Williams v. Dovey*, 2016 WL 810707, * 7 (D.Md. March 2, 2016)("Nothing in the PREA suggest Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."); *Chapman v. Willis*, 2013 WL 2322947, * 4 (W.D.Va. May 28, 2013)(finding that there is no basis in law for a private cause of action under Section 1983 to enforce a PREA violation); *Law v. Whitson*, 2009 WL 509564, * 4 (E.D. Cal. Dec. 15, 2009)("The [PREA] in itself contains no private right of action, nor does it create a right enforceable under Section 1983.").

that he "better chill the fu*k out before they make my stay worse, put me in a cell with hard restraints, etc." (Id.) Plaintiff states that he has requested help from Lieutenant Smith, Mr. Horton, and Ms. Stark, "but they don't tell [him] anything." (Id.) Plaintiff requests monetary damages. (Id., p. 9.)

On October 20, 2020, the undersigned granted Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs and directed the Clerk to issue process. (Document No. 10.) The Clerk issued process the same day. (Document No. 11.) On March 4, 2021, Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 32 and 36.) Defendants argue that Plaintiff's claim should be dismissed based on the following: (1) Plaintiff failed to exhaust his administrative remedies (Document No. 36, pp. 8 – 10.); (2) Plaintiff's allegations are not cognizable under Bivens (Id., pp. 10 – 21.); (3) Dismissal of the Complaint pursuant to 28 U.S.C. § 1915A is appropriate (Id., pp. 21 – 24.); (4) Plaintiff' various claims must be severed (Id., pp. 24 – 28.); (6) Plaintiff's allegation of harassing comments do not rise to the level of a constitutional violation (Id., p. 28.); (7) The PREA does not create a private right of action under Bivens (Id., pp. 28 – 29.); (8) There is a lack of personal involvement of Defendants Horton, Stark, Hendricks, Johnson, and Smith (Id., pp. 29 – 30.); and (9) Defendants are entitled to qualified immunity (Id., pp. 30 - 31.)

As Exhibits, Defendants attach the following: (1) The Declaration of Eli Hendrick (Document No. 32-1, pp. 2 – 6.) (2) A copy of Plaintiff's "Inmate History - Adm-Rel" (Id., pp. 8 - 9.); (3) A copy of Plaintiff's "Inmate History – Quarters" (Id., pp. 11 - 15.); (4) A copy of the Incident Report dated May 22, 2020, charging Plaintiff with "Possession of an Electronic Device" in violation of Prohibited Act Code 108 (Id., p. 17.) ; (5) A copy of Plaintiff's Injury Assessment

4

conducted on May 27, 2020 (Id., pp. 19 – 20.); (6) A copy of Plaintiff's psychology records (Id., pp. 22 – 40.); (7) A copy of Plaintiff's Injury Assessment conducted on June 2, 2020 (Id., pp. 42 – 43.); (8) A copy of the video recording for May 29, 2020 (Document No. 34.); (9) The Declaration of Dustin Nee (Document No. 32-1, pp. 46 – 47.); (10) The Declaration of Destiny Spearen (Id., pp. 49 – 50.); and (11) A copy of Plaintiff's "Administrative Remedy Generalized Retrieval" (Id., pp. 52 – 53.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on March 5, 2021, advising him of the right to file a response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgement." (Document No. 37.) On April 1, 2021, Plaintiff filed his Response in Opposition to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 38.)

## THE STANDARD

### Motion to Dismiss

*Rule 12(b)(1) Motion:*

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a

motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995). Unlike a Rule 12(b)(6) motion, "a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." Thigpen v. United States, 800 F.2d 393, 396 (4th Cir. 1986)(overruled on other grounds by, Sheridan v. United States, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988)). The Fourth Circuit has explained the standard of review as follows:

> [W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged. On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdiction facts. And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.

Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

### *Rule 12(b)(6) Motion:*

A Rule 12(b)(6) motion requests dismissal for failure to state a claim upon which relief can be granted and tests the legal sufficiency of the complaint or pleading. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to

dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

### *Summary Judgment:*

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will

support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[4] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into

---

[4] 42 U.S.C. § 1997e(a) provides as follows:
> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

account."). But the plain language of the statute requires that only "available" administrative remedies be exhausted. Id. at 1855("A prisoner need not exhaust remedies if they are not 'available.'") In Ross v. Blake, the Supreme Court set forth three scenarios where the administrative process is considered "unavailable": (1) The administrative process "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) The administrative process is so opaque that no ordinary prisoner can discern or navigate through the process; and (3) The "administrator thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." Ross, 136 S.Ct. at 1859-60; also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983 or Bivens action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is

pragmatic. As the Court stated in <u>Neal</u>, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process was to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. <u>Neal</u>, 267 F.3d at 123. In <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>See</u> <u>Jones v. Bock</u>, <u>supra</u>; <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by* <u>Custis v. Davis</u>, 851 F.3d 358 (4th Cir. 2017). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. <u>Jones v. Bock</u>, <u>supra</u>, 549 U.S. at 216, 127 S.Ct. at 921(Failure to exhaust is an affirmative defense that a defendant must generally plead and prove); <u>also see</u> <u>Dale v. Lappin</u>, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a <u>Bivens</u> suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his

administrative remedies." Custis v. Davis, 851 F.3d. 358, 361 (4th Cir. 2017); also see Banks v. Marquez, 694 Fed. Appx. 159 (4th Cir. 2017)(finding no error in the district court's decision to sua sponte dismiss petitioner's petition where petitioner explicitly admitted in his petition that he failed to exhaust his administrative remedies). Although failure to exhaust available administrative remedies is an affirmative defense, it is a threshold issue that must be resolved before reaching the merits of the underlying claims for relief. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921; Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Once the defendant has made a threshold showing of failure to exhaust, the burden of showing that the administrative remedies were unavailable falls to plaintiff. See Washington v. Rounds, 223 F.Supp.3d 452, 459 (D.Md. 2016)(citing Graham v. Gentry, 413 Fed.Appx. 660, 663 (4th Cir. 2011)). Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." Creel v. Hudson, 2017 WL 4004579, at * 3 (S.D.W.Va. 2017)(citing Drippe v. Tobelinski, 604 F.3d 778, 782 (3rd Cir. 2010)); Lee v. Willey, 789 F.3d 673, 678 (6th Cir. 2015)(finding disputed questions of fact are resolved by the Court); also see Woodhouse v. Duncan, 741 Fed.Appx. 177, 178 (4th Cir. 2018)(citation omitted)("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") If a plaintiff fails to exhaust his or her administrative remedies under the PLRA, then the defendant is entitled to judgment as a matter of law. See Legg v. Adkins, 2017 WL 72604, * 2 (S.D.W.Va. Feb. 23, 2017).

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural

11

rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve her complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene

or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In their Motion, Defendants argue that Plaintiff failed to exhaust his available administrative remedies. (Document No. 32 and Document No. 36, pp. 8 - 10.) Defendants explain that during Plaintiff's incarceration at FCI McDowell, Plaintiff "filed or attempted to file only one administrative remedy." (Document No. 36, p. 10.) Specifically, Defendants acknowledge that Plaintiff filed an administrative remedy (Remedy ID No. 1040598) at the Institutional Level on August 17, 2020, challenging his cellmate's placement in SHU. (Id.) Defendants note that this remedy was rejected. (Id.) Defendants assert that Plaintiff filed no other administrative remedies while incarcerated at FCI McDowell. (Id.) In support, Defendants attach the Declaration of Destiny Spearen. (Document No. 32-1, pp. 49 – 53.) Ms. Spearen declares, in pertinent part, as follows:

> 6. During the time Plaintiff has been designated to FCI McDowell, he has filed or attempted to file only one administrative remedy. Plaintiff filed Remedy ID No. 1040598 at the Institutional level on August 17, 2020, in which Plaintiff challenged his cellmate's placement in SHU. This remedy as rejected.
>
> 7. Plaintiff filed no other administrative remedies while incarcerated at FCI McDowell.

(Id., pp. 49 - 50.) Defendants argue that "Plaintiff's ability to file an administrative remedy on August 17, 2020, as well as file the Complaint in this action on August 24, 2020, speaks to the availability of the administrative remedy program during and after the time frame of the alleged events." (Id.) Defendants note that Plaintiff's Complaint is void of indication that the administrative process was unavailable. (Id.) Defendants, therefore, conclude that Plaintiff should

13

not be excused from the exhaustion requirements. (Id.)

In Response, Plaintiff states that the Declaration of Destiny Spearen is "no[t] true." (Document No. 38, p. 3.) Plaintiff argues that he never filed an administrative remedy. (Id.) Plaintiff encourages the Court to compare the handwriting of his Response with the handwriting of Remedy ID No. 1040598. (Id.)

Based upon a review of the record, the undersigned finds that Defendants have met their burden proving that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. Plaintiff does not dispute that he failed to exhaust his administrative remedies prior to filing his Complaint. There is no indication or allegation that the administrative remedy process was unavailable. Further, Plaintiff's ability to file Remedy ID No. 1040598 at the Institutional level on August 17, 2020, just prior to the filing of his Complaint on August 24, 2020, exhibits that the administrative remedy process was available to Plaintiff. See Ferguson v. Clarke, 2016 WL 398852, * 6 (W.D.Va. Jan. 6, 2016)(inmate's allegation that the administrative process was unavailable was belied by evidence that inmate submitted other grievances within the same period); Al Mujahidin v. Harouff, 2013 WL 4500446, * 7 (D.S.C. Aug. 21, 2013)(finding that inmate could not avoid summary judgment by simply asserting an unsupported allegation that his grievances were not processed or destroyed, in light of documentary evidence showing that other grievances were processed). Plaintiff's unsupported claim that he did not file Remedy ID No. 1040598, is insufficient to refute the specific allegations contained in Ms. Spearen's Declaration and the Exhibit in support (Plaintiff's Administrative Remedy Generalized Retrieval). (Document No. 32-1, pp. 49 – 53.) Even assuming Plaintiff's claim that he did not file Remedy ID No. 1040598 as true, such does not establish that the administrative remedy process was unavailable. As stated above, the record is void of any indication or allegation that the administrative remedy

process was unavailable. Based on the foregoing, the undersigned respectfully recommends that Defendants' Motion be granted and Plaintiff's Complaints be dismissed in view of his failure to exhaust his administrative remedies. The undersigned finds it unnecessary to consider the other reasons that Defendants have submitted for dismissal of Plaintiff's claim.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court District Court **GRANT** the Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: December 9, 2021.

Omar J. Aboulhosn
United States Magistrate Judge